IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERICA TAYLOR,
*individually and on behalf
of all others similarly situated*                                         PLAINTIFFS

v.                         NO. 2:21-cv-02121-PKH

COMMUNITY HEALTH SYSTEMS, INC. and
REVENUE CYCLE SERVICE CENTER, LLC                 DEFENDANTS

**REVENUE CYCLE SERVICE CENTER, LLC
ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT**

Defendant Revenue Cycle Service Center, LLC ("RCSC" or "Defendant") and for its Answer and Affirmative Defenses[1] to the numbered paragraphs in the Original Class Action Complaint (Doc. 2) (the "Complaint") of the plaintiff Erica Taylor ("Taylor" or "Plaintiff") states:

### I. Introduction

1. Defendant admits Taylor was employed by it at certain times in the position of Customer Service Specialist which job duties are essentially contained in a written job description attached hereto and incorporated herein as Exhibit A. Unless specifically admitted herein, defendant denies all remaining allegations or averments contained in paragraph 1 of the complaint.

---

[1] In certain sections of the Complaint reference is made to Defendants. This Answer and Affirmative Defenses to the Complaint is only that of RCSC only relates to claims made as to RCSC.

2.	Defendant denies the allegations or averments contained in paragraph 2 of the complaint.

3.	Defendant admits the passage of Amendment 98 to the Arkansas Constitution ("Amendment 98").  Amendment 98 speaks for itself and defendant denies any allegations or averments in paragraph 3 inconsistent therewith.  Defendant denies all remaining allegations or averments in paragraph 3 of the complaint.

4.	Defendant admits that employers may lawfully decline to hire or employ a medical marijuana patient for a safety sensitive position and for other reasons, may maintain a substance abuse or drug free workplace policy, and has other rights as set forth in Amendment 98. Amendment 98 speaks for itself and defendant denies any allegations or averments in paragraph 4 inconsistent therewith.

5.	Defendant denies the allegations or averments contained in paragraph 5 of the complaint.

6.	Defendant denies the allegations or averments contained in paragraph 6 of the complaint.

## II.  Jurisdiction and Venue

7.	Defendant lacks sufficient information to admit or deny the allegations or averments in paragraph 7 of the complaint, and therefore denies the same.

8.	The allegations or averments contained in paragraph 8 are legal conclusions to which no response is necessary.  To the extent a response is necessary, defendant denies the allegations or averments contained in paragraph 8 of the complaint.

9.	Defendant lacks sufficient information to admit or deny the allegations or averments contained in paragraph 9, and therefore denies the same.

10. Defendant admits the allegations or averments contained in paragraph 10 of the complaint.

11. Without admitting same, defendant admits the complaint purports to state claims under the cited legal provisions, but denies any violation of said provisions, denies the complaint states a claim upon which relief may be granted or has been properly brought, and denies the plaintiff or any others are entitled to any relief whatsoever. Unless specifically admitted, defendant denies the allegations or averments contained in paragraph 11 of the complaint.

12. The allegations or averments contained in paragraph 12 are legal conclusions to which no response is necessary. To the extent a response is necessary, defendant admits this Court has subject matter jurisdiction and venue is proper.

### III. Factual Allegations

13. Defendant admits Taylor was employed only by RCSC and such employment ended on July 1, 2020. Unless admitted, defendant denies the allegations or averments contained in paragraph 13 of the complaint. Further answering, defendant affirmatively states that the job position held by Taylor with RCSC had a written job description (the "Taylor Position Description"). A true and correct copy of the Taylor Position Description is attached hereto as Exhibit A and incorporated by reference into this Answer. RCSC affirmatively pleads that in accordance with Arkansas Medical Marijuana Amendment by way of Act 593 of 2017, the Taylor Position Description, among other things, specifically states in writing that the position in question was safety sensitive as follows:

- The position was designated as follows: "[t]his is a **Safety Sensitive Position**." [Exhibit A, p. 2 (emphasis added)].

- The job description also details various instances where, in the course of her normal job duties, Taylor would have access to and work with confidential information of a patient and others [Exhibit B, p. 2].

14. Defendant admits that Taylor was only employed by RCSC and worked in the Customer Services Specialist position for over 2 years as contained in paragraph 14 of the complaint.

15. Defendant denies the allegations or averments contained in paragraph 15 of the complaint.

16. Defendant denies the allegations or averments contained in paragraph 16 of the complaint.

17. Defendant admits the allegations or averments contained in paragraph 17 of the complaint.

18. Defendant denies the allegations or averments contained in paragraph 18 of the complaint.

19. Defendant denies the allegations or averments contained in paragraph 19 of the complaint.

20. Defendant admits while at work Taylor was administered a drug screen, allowed by state and federal law, and admits that Taylor tested positive for marijuana and marijuana metabolite. Unless admitted, defendant denies the allegations or averments contained in paragraph 20 of the complaint.

21. Defendant admits Taylor's employment was terminated. Unless admitted, defendant denies the allegations or averments contained in paragraph 21 of the complaint.

22. Paragraph 22 of the complaint refers to a "Henderson" who is not a party in this action. Defendant admits that Taylor's employment was terminated on July 1, 2020. Unless specifically admitted herein, defendant denies the allegations or averments contained in paragraph 22 of the complaint.

23. Defendant denies the allegations or averments contained in paragraph 23 of the complaint.

24. Defendant denies the allegations or averments contained in paragraph 24 of the complaint.

24 (Second). The defendant admits and only admits that RCSC was an employer as alleged in the second paragraph 24 of the complaint. Unless specifically admitted, defendant denies the allegations or averments contained in the second paragraph 24 of the complaint.

25. Defendant denies the allegations or averments contained in paragraph 25 of the complaint. Paragraph 25 makes claims as to "Defendants" and RCSC affirmatively states and pleads that only RCSC was the employer of Taylor and only it took any actions concerning Taylor.

26. The allegations contained in paragraph 26 are legal conclusions to which no response is necessary. To the extent a response is necessary, defendant denies the allegations or averments contained in paragraph 26 of the complaint.

### IV. First Claim for Relief:
### Individual Violation of Amendment 98 to the Arkansas Constitution

27. Paragraph 27 contains no new allegations or averments, and defendant adopts and incorporates all previous responses in full.

28. Defendant denies the allegations or averments contained in paragraph 28 of the complaint.

29. Defendant denies the allegations or averments contained in paragraph 29 of the complaint.

30. Defendant denies the allegations or averments contained in paragraph 30 of the complaint.

31. Defendant denies the allegations or averments contained in paragraph 31 of the complaint.

32. Defendant denies the allegations or averments contained in paragraph 32 of the complaint.

33. The allegations contained in paragraph 33 are legal conclusions to which no response is necessary. To the extent a response is necessary, defendant denies the allegations or averments contained in paragraph 33.

34. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments contained in paragraph 34 of the complaint inconsistent therewith.

35. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments contained in paragraph 35 inconsistent therewith.

36. The case *AT&T Communications of the Southwest, Inc. v. Arkansas Public Service Commission*, 67 Ark. App. 177, 190 (Ark. Ct. App. 1999), speaks for itself and defendant denies any allegations or averments in paragraph 36 inconsistent therewith.

37. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 37 inconsistent therewith.

38. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 38 inconsistent therewith.

4830-7625-0360.1

39. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 39 inconsistent therewith.

40. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations averments in paragraph 40 inconsistent therewith.

41. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 41 inconsistent therewith.

42. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 42 inconsistent therewith. Defendant admits the allegations or averments contained in paragraph 42 of the complaint.

43. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 43 inconsistent therewith.

44. Amendment 98 via Act 593 of 2017 speaks for itself and defendant denies any allegations or averments in paragraph 44 inconsistent therewith.

45. Defendant denies the allegations or averments contained in paragraph 45 of the complaint.

46. The allegations contained in paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations or averments contained in paragraph 46 of the complaint.

47. The allegations contained in paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations or averments contained in paragraph 47 of the complaint.

48. Defendant denies the allegations or averments contained in paragraph 48 of the complaint.

49. Defendant denies the allegations or averments contained in paragraph 49 of the complaint.

50. Defendant denies the allegations or averments contained in paragraph 50 of the complaint.

51. Defendant denies the allegations or averments contained in paragraph 51 of the complaint.

52. Defendant denies the allegations or averments contained in paragraph 52, including all subparts, of the complaint.

53. Defendant denies the allegations or averments contained in paragraph 53 of the complaint.

### V. Second Claim for Relief:
### Class Action Violation of Amendment 98 to the Arkansas Constitution

54. Paragraph 54 contains no new allegations or averments, and defendant adopts and incorporates all previous responses in full.

55. Defendant admits the plaintiffs purport to bring this action on her behalf and others pursuant to Rule 23 of the Arkansas Rules of Civil Procedure, but denies that class treatment is appropriate or proper and further denies the allegations or averments contained in paragraph 55 of the complaint.

56. Defendant denies the allegations or averments contained in paragraph 56 of the complaint, and affirmatively states and pleads that neither plaintiff nor anyone else is entitled to class treatment under Rule 23.

57. Defendant denies the allegations or averments contained in paragraph 57 of the complaint.

4830-7625-0360.1

58. Defendant denies the allegations or averments contained in paragraph 58, including all subparts, of the complaint.

59. Defendant denies the allegations or averments contained in paragraph 59 of the complaint.

60. Defendant denies the allegations or averments contained in paragraph 60 of the complaint.

61. Defendant denies the allegations or averments contained in paragraph 61, including all subparts, of the complaint.

62. Defendant lacks sufficient information to admit or deny the allegations in paragraph 62 of the complaint, and therefore denies the same.

63. Defendant denies the allegations or averments contained in paragraph 63 of the complaint.

64. Defendant denies the allegations or averments contained in paragraph 64 of the complaint.

65. The jury demand in paragraph 65 does not require a response.

66. Defendant denies a class should be certified.

67. Unless specifically admitted herein, defendant denies each and every allegation, averment or claim in the complaint.

68. Defendant denies that plaintiff, individually, on behalf of others, or in any other capacity, or those who plaintiff seeks to represent or who may become a party to this action, including the alleged class plaintiffs is entitled to any of the relief sought in the prayer for relief or in the complaint, and further denies that plaintiff, individually, on behalf of others, or in any other capacity, or those who plaintiff seeks to represent or who may become a party to this

4830-7625-0360.1

action, including putative or other class members, is entitled to any damages, sums, actions, certifications, judgments, or relief whatsoever. Defendant denies the allegations, averments, and claims contained in the WHEREFORE paragraph and its subparts and denies that the plaintiff or any purported class is entitled to of the relief sought or any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations or averments in the complaint, and without waiving any of the foregoing, the defendant affirmatively states the following matters (alternative or otherwise) as constituting grounds for dismissal, avoidance, defense or affirmative defense to the complaint:

1. Except as specially noted, the defendant denies each and every allegation or averment contained in the complaint. In addition, certain paragraphs in the complaint are an attempt by plaintiff to make legal arguments or legal conclusions as to Taylor's interpretation of the law and are not proper claims or allegations under Fed. R. Civ. P. 8, and unless specifically admitted herein by RCSC, RCSC reserves the right to challenge said legal arguments or conclusions as to Taylor's interpretation of same.

2. The complaint, and each and every claim for relief asserted therein, including the class action claims, in whole or in part, fails to state a claim upon which relief may be granted.

3. Defendant invokes all defenses available under Amendment 98, the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 et seq., and all other applicable state or federal laws, statutes, cases, orders (including Executive Orders), rules or regulations, including without limitation, that defendant had a substance abuse or drug-free policy that was lawful, the relevant job position was duly and properly designated in writing as safety sensitive, plaintiff's job duties consisted of working with and having assess to patient and others confidential information, and

10

that the defendant had/has a good faith belief that the plaintiff was engaged in the current use of marijuana and was under the influence of marijuana while at work and on defendant's premises.

4. Plaintiff's claims and those of any others on whose behalf plaintiff seeks to assert claims are preempted and/or over-ridden by federal law.

5. To the extent plaintiff and those of any others on whose behalf plaintiff seeks to assert claims failed to designate or disclose his/their alleged claims in bankruptcy, such claims are now barred and he/they is/are estopped from claiming or pursuing such claims.

6. The complaint and plaintiff's claims, and those of any others on whose behalf plaintiff seeks to assert claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

7. The complaint and plaintiff's claims and those of any others on whose behalf plaintiff seeks to assert claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

8. The plaintiff and any other persons on whose behalf she seeks to assert claims, including alleged putative class members claims for damages are barred to the extent she/he/they failed to properly and duly mitigate damages, if any.

9. Without admitting any violation of law or any fact or circumstance giving rise to a claimed violation, all of which is expressly denied, any act or omission by defendant was in good faith and defendant had reasonable grounds for believing that the act or omission was not a violation of any law.

10. Defendant possessed a lawful, legitimate and nondiscriminatory reason for every employment action taken relative to plaintiff and every other individual.

11. Even if plaintiff and those of any others on whose behalf plaintiff seeks to assert claims could prove that a discriminatory motive was a factor (which she/he/they cannot) in defendant's employment actions, defendant would have taken the same actions due to lawful legitimate and nondiscriminatory reasons.

12. Plaintiff and those of any others on whose behalf plaintiff seeks to assert claims is not entitled to recover exemplary or punitive damages, as defendant exercised reasonable care and made good-faith efforts to comply with all laws, including those prohibiting discrimination, and punitive damages are not recoverable on any of plaintiff's claims.

13. To the extent punitive (or other damages) are sought, defendant cannot be liable because any unlawful actions or decisions of managerial agents or officers would be contrary to defendant's policies and good faith efforts to comply with applicable law, and same would be outside the scope of their authority. Any award of punitive damages would violate the Constitution of the United States and the Constitution of Arkansas.

14. Plaintiff's claims and those of any others on whose behalf plaintiff seeks to assert claims for punitive damages are barred because the alleged acts or omissions of defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny plaintiff her/their legal rights, if any, and are not so wanton and willful as to support an award of punitive damages.

15. To the extent it is discovered that plaintiff and those of any others on whose behalf plaintiff seeks to assert claims has engaged in conduct or made representations before, during or after she/he/they were offered employment with defendant that would have prevented or ended her/his/their employment with defendant had defendant known about said conduct or

representations, all such claims are barred, in whole or in part, by the after-acquired evidence doctrine.

16. Some or all of plaintiff's and those of any others on whose behalf plaintiff seeks to assert claims or alleged damages, to the extent they exist, were caused, in whole or in part, by plaintiff or those of any others on whose behalf plaintiff seeks to assert claims or sources other than any alleged actions by defendant. Accordingly, any such damages should be either denied completely or apportioned according to the evidence.

17. Any damages alleged by plaintiff and those of any others on whose behalf plaintiff seeks to assert claims may be subject to offset by subsequent income she/he/they has/have received, including, but not limited to, unemployment benefits.

18. The proposed class action fails to meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

19. The proposed class action fails to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2).

20. The proposed class action fails to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

21. The named plaintiff will not adequately and fairly protect the interests of the proposed class, as required by Fed. R. Civ. P. 23(a)(4).

22. The proposed class lacks common questions of law or fact, as required by Fed. R. Civ. P. 23(b).

23. The proposed class is not appropriate under Fed. R. Civ. P. 23.

24. Certification of this case as a class action should fail because joinder of all members of the proposed class is not practical.

25.     Certification of this case as a class action would require a trial in which highly individualized issues predominate over common issues.

26.     Plaintiffs' claims, and those of others on whose behalf plaintiff seeks to assert claims, are barred to the extent she seeks to assert claims on behalf of others who cannot establish the elements for class certification under Fed. R. Civ. P. 23, thus barring class certification or treatment.  Defendant incorporates all available defenses to class certification or treatment.

27.     Defendant asserts the affirmative defenses and grounds for avoidance set forth herein with respect to all individuals who do or do not opt-out of any Rule 23 class, to the extent one is certified, which defendant denies is appropriate.

28.     RCSC was the sole employer of Taylor.

29.     In responding to the complaint, defendant waives no privileges or doctrines.

30.     There is no good faith basis to continue the pursuit of this lawsuit.  Plaintiff's claims, and those of others whom upon whom she seeks relief, are entirely without merit and defendant is entitled to recover attorneys' fees and costs in defending this lawsuit.

31.     Defendant specifically reserves and pleads all matters or defenses under Fed. R. Civ. P. 8 or other applicable law, regulation, or rule, including the right to plead further and/or to amend this answer to assert and present additional defenses, counterclaims and cross-claims, including the reservation of all affirmative defenses required to be pled in the initial pleadings.

WHEREFORE, defendant requests that the Court:

(1)     Dismiss this action in its entirety with prejudice;

(2)     Award defendant judgment against the named plaintiff and/or all purported or putative class members;

(3) Award defendant its costs (including expert witness and related costs) and attorney's fees; and

(4) Grant such other just and proper relief to which the defendant is entitled.

Respectfully submitted,

James M. Gary
AR Bar No. 80051
(Attorney in Charge and to be Noticed)
KUTAK ROCK LLP
One Union National Plaza
124 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201
Attorney in Charge Direct:  501.975.3140
Main Dial:  501.975.3000
Fax:  501.975.3001
**jim.gary@kutakrock.com**
Attorneys for Defendant